# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| DANIEL TROTTER, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:24-cv-00069-SPM |
| WENDY MARIE MILLER, | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on initial review of Plaintiff's third amended complaint under 28 U.S.C. § 1915. (ECF No. 16). After careful review, the Court will dismiss this action without prejudice for the reasons discussed below.

### Background

Plaintiff initially filed this action in the United States District Court for the Western District of Missouri. (ECF No. 1). That court granted Plaintiff's motion to proceed in forma pauperis and ordered Plaintiff to file an amended complaint pertaining to only a single transaction or occurrence. (ECF Nos. 4, 9). In response, Plaintiff filed two amended complaints, each relating to a separate defendant. (ECF Nos. 10, 11). The Western District gave Plaintiff a final opportunity to amend his amended complaint in accordance with the court's previous order. Plaintiff then filed his third amended complaint on March 11, 2024. (ECF No. 16). The court transferred the matter to this district eight days later. (ECF No. 17).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or

seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id*. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

**The Complaint**

Plaintiff is an inmate at the Boonville Correctional Center ("BCC") in Boonville, Missouri. He brings this action under 42 U.S.C. § 1983 against Wendy Miller in her individual capacity. Plaintiff states that Defendant Miller is a probation officer in Dunklin County, Missouri.

According to Plaintiff, Defendant interviewed him on September 7, 2022, in relation to a sentencing assessment report for a state criminal matter.[1] During the interview, Defendant asked Plaintiff if he had ever been arrested for a crime of which he was not convicted. Plaintiff told Defendant about "a 1991 rape case that [he] was never charged with."[2] Plaintiff states that Defendant put the information in her report "and entered the damaging information on casenet, available to public." He reports that an officer at BCC later "took it upon herself to share with other inmates peoples' cases this violation of privacy led to Plaintiff getting into fight that caused bodily harm to himself." He seeks monetary damages and an order from this Court erasing the information from Case.net. Notably, Plaintiff does not challenge the fact or duration of his confinement.

**Discussion**

Liberally construed, Plaintiff appears to assert that Defendant failed to protect him from harm. A correctional officer "violates the Eighth Amendment if [they are] deliberately indifferent to the need to protect an inmate from a substantial risk of serious harm from other inmates."

---

[1] Although Plaintiff does not provide a case number, a review of Case.net—Missouri's online case management system—reveals that a sentencing assessment report was entered on September 7, 2022, in *State v. Trotter*, No. 21NM-CR00459-01 (35th Jud. Cir. 2021). The Court takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988 (8th Cir. 2007) (stating that a district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

[2] When quoting the Complaint, the Court reproduces the language verbatim, except where indicated by brackets.

3

*Jackson v. Everett*, 140 F.3d 1149, 1151 (8th Cir. 1998). An Eighth Amendment claim has both an objective and subjective component. *Id.* To satisfy the objective component, there must be "a substantial risk of serious harm" to the inmate. *Curry v. Crist*, 226 F.3d 974, 977 (8th Cir. 2000). If a plaintiff fails "to plausibly allege a substantial risk of harm," he or she "fails to state a claim," and "there is no need to consider the subjective issue of [the defendant's] deliberate indifference." *Vandevender v. Sass*, 970 F.3d 972, 976 (8th Cir. 2020). To satisfy the subjective component, a plaintiff must demonstrate that the prison official was deliberately indifferent, which "in this context means [an] actual intent that the inmate be harmed, or knowledge that harm will result, or reckless disregard of a known excessive risk to inmate health and safety." *Newman v. Holmes*, 122 F.3d 650, 652 (8th Cir. 1997). "Deliberate indifference under the Eighth Amendment is the equivalent of criminal recklessness: the defendant must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Hodges v. Dep't of Corr.*, 61 F.4th 588, 592 (8th Cir. 2023); *see also Axelson v. Watson*, 999 F.3d 541, 546 (8th Cir. 2021) (explaining that deliberate indifference "means that prison officials subjectively knew of and disregarded the inmate's safety risk").

Here, Plaintiff asserts only that Defendant wrongfully included information in a sentencing report and that Defendant "entered the damaging information on casenet, available to public." He does not allege that Defendant shared or even intended to share the information with other inmates, let alone that she did so knowing there was a substantial risk of harm to Plaintiff. In fact, Plaintiff alleges that a corrections officer, not Defendant, shared the information with other inmates. He does not name the corrections officer as a defendant in this case. At most, Plaintiff's allegations establish that Defendant was negligent in failing to protect his privacy. But negligence or inadvertence does not rise to the level of deliberate indifference. *Kulkay v. Roy*, 847 F.3d 637, 643

4

(8th Cir. 2017) (citations omitted). Simply put, the Court cannot infer from Plaintiff's allegations that Defendant is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. Thus, the Court finds that Plaintiff has failed to state a plausible claim for relief under the Eighth Amendment. *Id.* at 678.[3]

## Conclusion

For the foregoing reasons, the Court will dismiss this action under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 30th day of July, 2024.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

---

[3] To the extent Plaintiff seeks to challenge the length of his sentence, he must do so under 28 U.S.C. § 2245. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").